# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case Number: 4:20-CR-00252(1) |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| STEVEN CHURCHILL ET AL. | § | |
| | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion for Bill of Particulars (Dkt. #81). The Court, having considered the Motion and the relevant pleadings, finds that the motion must be **DENIED**.

## BACKGROUND

Defendant Steven Churchill ("Churchill") is owner and president of LPI Media Group, a company accused of paying and receiving kickbacks in exchange for arranging fraudulent health care services (Dkt. #41). Specifically, Churchill is accused of providing Medicare patient information to Defendants Lydia Henslee and Daniel Stadtman, who used the information to create fictious prescriptions for dental braces, which they later sold to Defendant David Warren ("Warren") and his orthotics provider M&M Medical Support (Dkt. #41 at p. 11). Warren then billed Medicare $3,781,105 for the prescriptions, part of which he distributed to co-defendants as kickbacks for their role in the scheme (Dkt. #41 at p. 12).

On November 19, 2020, a grand jury indicted Churchill for his role in the scheme (Dkt. #41). Churchill is charged with Conspiracy to Commit Illegal Remunerations under 18 U.S.C. § 371 (Dkt. #41 at p. 23). On January 15, 2021, Churchill moved for the Court to order the Government to provide a bill of particulars (Dkt. #81). On January 29, 2021, the Government

responded (Dkt. #86).

## LEGAL STANDARD

Under Rule 7(f) of the Federal Rules of Criminal Procedure, a defendant may move the court to direct the government to provide a bill of particulars—a formal written statement providing details of the charges against the defendant. FED. R. CRIM. PRO. 7(f). The purpose of a bill of particulars is to inform the defendant of charges against them in sufficient detail so they may prepare their defense and avoid surprises at trial. *United States v. Kirkham*, 129 F.App'x 61, 72 (5th Cir. 2005); *United States v. Canter*, 557 F.2d 1173, 1178 (5th Cir. 1977). A bill of particulars is only required where the indictment is so general it does not apprise the defendant of the specific acts of which they are accused. *United States v. Moody*, 923 F.2d 341, 350-52 (5th Cir. 1991).

A defendant is not entitled to a bill of particulars to obtain the theory of the government's case, nor may it be "used for the purpose of obtaining a detailed disclosure of the government's evidence in advance of trial." *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982); *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965). The decision whether to grant a motion for a bill of particulars is within the discretion of the trial court. *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir. 1980). A court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987).

## ANALYSIS

Churchill asks the Court to order a bill of particulars because the Indictment does not describe how he willfully and knowingly participated in the conspiracy (Dkt. #81 at p. 2). Churchill requests three groups of documents in the bill of particulars: (1) the date and nature of

the earliest statement or event establishing his participation in the conspiracy; (2) evidence that his participation was knowing and willful; and (3) evidence that he was aware the prescriptions were fraudulent (Dkt. #81 at p. 1). The Government disagrees, arguing the Indictment provides sufficient information for Churchill to prepare his defense and his Motion amounts to an impermissible discovery request (Dkt. #86 at p. 2).

The Court finds a bill of particulars is unwarranted because the Indictment provides sufficient information for Churchill to prepare his defense. Defendants are not entitled to a bill of particulars to obtain the theory of the Government's case or to obtain disclosure of the Government's evidence before trial. *Downing v. United States*, 348 F.3d 594, 599 (5th Cir. 1965). Defendants are also not entitled to a bill of particulars to discover all overt acts they are accused of that might be proven at trial. *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (citations omitted) ("[T]here is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge[.]").

Here, the Indictment is sufficiently detailed to put Churchill on notice of his criminal acts and enables him to prepare a defense for trial. Churchill is charged under 18 U.S.C. § 371, meaning the Government must only prove:

> (1) defendant and at least one other person agreed to commit the crime of illegal remunerations, as charged in the indictment; (2) defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and (3) at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

*See* Pattern Crim. Jury Instr. 5th Cir. § 2.15A (2019). The Government need not prove a formal agreement between the conspirators or that each conspirator knew all the details of the scheme. *Id.* An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges, and alleges sufficient information to

allow a plea or acquittal. *United States v. Heon Jong Yoo*, No. 618-CR-00016, 2018 WL 9362570, at *2 (E.D. Tex. Nov. 8, 2018) (quoting *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004)).

Churchill argues the Indictment does not demonstrate how he acted with knowledge of the unlawful activities, but the Government need not include every piece of evidence supporting each element of the crime (Dkt. #81). Further, the Fifth Circuit applies a lower standard of particularity for Indictments in conspiracy cases. *See United States v. Perez*, 489 F.2d 51, 70 (5th Cir. 1973) (citing *Williamson v. United States*, 207 U.S. 425, 447 (1908) (noting "it is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy"). Here, the Indictment properly contains information about each essential element, including the operative dates of the conspiracy, the participants, and overt acts committed by both Churchill and co-defendants (Dkt. #41 at p. 11). The Government alleges Churchill generated business for Warren by unlawfully providing Medicare patient information in exchange for kickbacks (Dkt. #41 at p. 10). The Indictment states Churchill's unlawful acts occurred between July 2018 and April 2019, and his payments for orthotics referrals totaled approximately $1,223,126.56 (Dkt. #41 at p. 17). The Indictment also states these unlawful referrals were intentional and knowingly. This information is sufficient to serve "the fundamental purpose of an indictment . . . to inform a defendant of the charges against [them]." *Perez*, 489 F.2d at 70.

Churchill's chief issue is more accurately his frustration at the large quantity of documents provided by the Government in discovery. Churchill asks for a bill of particulars because "[t]he Government has provided hundreds of pages of Discovery" and "understanding how each document meets the Government's burden . . . is similar to looking for a needle in a haystack:

4

arduous and excessive, with mountains of irrelevant discovery in the mix that pertain solely to his alleged co-conspirators." But while discovery in this case may extensive, "a bill of particulars is not a discovery device." *United States v. Rodriguez*, No. 4:18-CR-00216-ALM CAN, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020), *report and recommendation adopted*, No. 4:18-CR-216, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020) (quoting *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980)). The Government is under no obligation to organize and identify relevant information already produced to Churchill. *See United States v. Kirkham*, 129 F. App'x 61, 72–73 (5th Cir. 2005) (motion for Bill of Particulars properly denied when government provided defendants with "voluminous discovery").

As the Indictment contains sufficient information to put Churchill on notice of his criminal acts and to avoid surprises at trial, Churchill is not entitled to a bill of particulars.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Bill of Particulars (Dkt. #81) is hereby **DENIED**.

**SIGNED** this 8th day of March, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE