# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case Number: 4:20-CR-00252(1) |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| STEVEN CHURCHILL ET AL. | § | |
| | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion to Dismiss for Failure to State an Offense (Dkt. #85). The Court, having considered the motion and the relevant pleadings, finds that the motion must be **DENIED**.

### BACKGROUND

Defendant Steven Churchill ("Churchill") is owner and president of LPI Media Group, a company accused of paying and receiving kickbacks in exchange for arranging fraudulent health care services (Dkt. #41). Specifically, Churchill is accused of providing Medicare patient information to Defendants Lydia Henslee and Daniel Stadtman, who used the information to create fictious prescriptions for dental braces, which they later sold to Defendant David Warren ("Warren") and his orthotics provider M&M Medical Support (Dkt. #41 at p. 11). Warren then billed Medicare $3,781,105 for the prescriptions, part of which he distributed to co-defendants as kickbacks for their role in the scheme (Dkt. #41 at p. 12).

On November 19, 2020, a grand jury indicted Churchill for his role in the scheme (Dkt. #41). Churchill is charged with Conspiracy to Commit Illegal Remunerations under 18 U.S.C. § 371 (Dkt. #41 at p. 23). On January 27, 2021, Churchill moved to dismiss the Indictment for failure to state an offense (Dkt. #85). On February 10, 2021, the Government responded

(Dkt. #91).

## LEGAL STANDARD

Rule 12 of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). This includes a pre-trial motion challenging the indictment for lack of specificity. FED. R. CRIM. P. 12(b)(3)(B)(iii).

An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." FED. R. CRIM. P. 7(c)(1). An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal to bar a subsequent prosecution. *United States v. Heon Jong Yoo*, No. 618-CR-16, 2018 WL 9362570, at *2 (E.D. Tex. Nov. 8, 2018) (quoting *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004)) ("The test for sufficiency is 'not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards'"). Stated differently, "[t]he sufficiency of an indictment is judged by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Lightner*, No. H-18-513, 2018 WL 6602183, at *2 (S.D. Tex. Dec. 17, 2018) (quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986)).

Even though the indictment must contain "the essential facts" of the charged crime, the defendant is not entitled to "the evidentiary details by which the government plans to establish his

guilt." FED. R. CRIM. P. 7(c)(1); *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986) (citation omitted). The Fifth Circuit has explained that "the language of the statute may guarantee sufficiency if all required elements are included in the statutory language." *Id.* at 1171 (citation omitted). Indeed, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)), *cert. denied*, 423 U.S. 1087 (1976). Allowing courts to evaluate the quality of evidence prior to trial runs "counter to the whole history of the grand jury institution," and, thus, courts cannot rule on motions to dismiss based on the sufficiency of the evidence. *United States v. Strouse*, 286 F.3d 767, 773 (5th Cir. 2002) (citation omitted).

## ANALYSIS

Churchill asks the Court to dismiss the Indictment because it fails to state an offense, which prevents him from preparing a defense for trial (Dkt. #85 at p. 4). The Government disagrees, arguing the Indictment is legally sufficient because it fairly informs Churchill of the charges against him (Dkt. #91 at p. 3).

The Court finds the Indictment should not be dismissed for failure to state an offense because it contains all essential elements of the crime and enables Churchill to prepare a defense for trial. Churchill implicitly asks the Court to evaluate the veracity of evidence underlying the Indictment, but when an indictment is facially valid, courts may not inquire into the sufficiency or competency of the evidence. *United States v. Calandra*, 414 U.S. 338, 344-345 (1974); *see also United States v. Strouse*, 286 F.3d 767, 771 (5th Cir. 2002) ("After indictment, the judiciary's role in policing the credibility of witnesses before a grand jury is minimal."). In the context of a

conspiracy, "an indictment is sufficient if it sets out the essential elements of the charge and lists overt acts committed in furtherance of the conspiracy." *United States v. Evans*, 572 F.2d 455, 483 (5th Cir. 1978).

Here, the Indictment is properly specific because it tracks the elements of the offense. Churchill is charged with conspiring to commit illegal remunerations under 18 U.S.C. § 371, meaning the Government must only prove:

> (1) defendant and at least one other person agreed to commit the crime of illegal remunerations, as charged in the indictment; (2) defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and (3) at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

*See* Pattern Crim. Jury Instr. 5th Cir. § 2.15A (2019). The Government need not prove a formal agreement between the conspirators or that each conspirator knew all the details of the scheme. *Id.* An indictment is legally sufficient on its face if it contains all essential elements of the offense charged, fairly informs the defendant of the charges, and alleges sufficient information to allow a plea or acquittal. *Heon Jong Yoo*, No. 618-CR-00016, 2018 WL 9362570, at *2 (E.D. Tex. Nov. 8, 2018) (quoting *Kay*, 359 F.3d at 742).

Tracking the elements of the charge, the Indictment states: "From in or around February 2018, and continuing thereafter until or about April 2019 . . . in the Eastern District of Texas, and elsewhere, the defendant[], Steven Churchill . . . knowingly and willfully conspired and agreed with others . . . to commit and abet [illegal remunerations]" (Dkt. #41 at pp. 8-9). The Indictment alleges Churchill knowingly and willfully joined the conspiracy and aimed to unlawfully enrich himself through the scheme (Dkt. #41 at pp. 8-9). Further, the Indictment identifies the specific amount and dates of forty-three transactions for allegedly fraudulent prescriptions (Dkt. #41 at pp. 17-19). Because the Indictment contains all essential elements of the crime, the Indictment

properly states an offense.

Churchill argues the Indictment is insufficient because it does not allege exactly which payments were fraudulent and prove he knew details about the conspiracy. But though Churchill may seek more specific information about the crime, "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Rodriguez*, No. 418-CR-00216, 2020 WL 4689193, at *2 (E.D. Tex. July 27, 2020), *report and recommendation adopted*, No. 4:18-CR-216, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020) (quoting *Mann*, 517 F.2d at 267). Churchill also argues *United States v. McTague* holds that Indictments require significant evidence connecting a defendant to a crime, but in *McTague*, the court only dismissed an indictment because it contained "no mention whatsoever" of the defendant's interaction with the victim. No. 5:14-CR-055, 2017 WL 1378425, at *9 (W.D. Va. Apr. 10, 2017). This complete lack of evidence required dismissal because, without sufficient details about the crime, the indictment prevented the defendant from avoiding "future prosecutions for the same offense." *Id.* Here, the Indictment contains the names of co-defendants, allegedly fraudulent transactions, and means of executing the scheme (Dkt. #41 at pp. 8-9). This detail is sufficient to protect Churchill from double jeopardy.

As the Indictment puts Churchill on notice of his charges and enables him to prepare a defense for trial, the Indictment should not be dismissed for failure to state an offense.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss for Failure to State an Offense (Dkt. #85) is hereby **DENIED**.

**SIGNED this 8th day of March, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE